## LAFAYETTE BATES *v*. HENRY W. SLOCUM.

The power conferred upon this Court, to grant a new trial of a cause, necessarily involves a power to grant leave to file pleas in that cause.

Where a new trial in the Court of Common Pleas was granted of an appeal from a Justices' Court, in which judgment had been rendered by default in the Court of Common Pleas, leave was given to file the general issue, although no plea was filed in the case in the Justices' Court.

THIS was a petition for a new trial of an action of assumpsit, originally commenced before the Court of Magistrates in the city of Providence, Slocum, plaintiff, Bates, defendant. There, after a trial, judgment was rendered for the defendant, for his costs. From this judgment the plaintiff appealed to the Court of Common Pleas at their December term, 1854, in which Court, upon default of the defendant, the plaintiff recovered a judgment against him for the amount of the debt originally sued for, with costs.

For reasons for a new trial, the petitioner alleged that he was not aware that any appeal was taken from the judgment of the Magistrates' Court, until after judgment was rendered in the Court of Common Pleas, and execution awarded against him on the same.

VOL. III.                17

.These facts being verified by the affidavits of the petitioner and by other evidence, a new trial was awarded to be had in the Court of Common Pleas at their May term, A. D. 1855.

*L. C. Ashley* for respondent, objected to the granting of a new trial, on the ground, among others, that it appeared from the copy of the case filed by the petitioner, that the defendant had never filed any plea in the case, and that no question was open between the parties, except only the amount of damages for which the plaintiff should have judgment. But it being shown the Court, that the practice of the Court of Magistrates was not to require the defendant in civil actions, to file the general issue where a trial was to be had on the merits, before the trial, but that the parties, in case of appeal, after trial, made up the pleadings, and that defendant in this case had no notice of any intent of the plaintiff to appeal, until after judgment had been rendered against him, on the appeal, he had leave to file the general issue in the case.

*Hayes* for petitioner.

STAPLES, C. J.—Power is given to the Supreme Court to grant a trial or a new trial for sufficient cause shown, in cases tried either before them or before any Court of Common Pleas. Unless this involved the power to give parties leave to file pleas, it would in many cases be of no avail. This Court has repeatedly decided that where cases are brought before a Court of Common Pleas by appeal from Justices' Courts, the case must be

Lafayette Bates *v.* Henry W. Slocum.

tried upon the issue made in the pleadings before the justice, and that the Court of Common Pleas in such case has no authority to permit the filing of new pleas. The statute authorises defendants in Justices' Courts to give all special matter in bar in evidence under the general issue. It is quite too common in such Courts to try cases, even before the general issue is filed, or any other pleas.